UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GARY ALLEN LINDSLEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> RANDY RODRIGUEZ and TERRY BECK, <br><br> Defendants. | CAUSE NO. 3:21-CV-396-JD-MGG |

OPINION AND ORDER

Gary Allen Lindsley, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lindsley alleges that while driving on February 21, 2019, he was stopped by two officers with the Roseland Police Department, who arrested him using excessive force. Then, after he was handcuffed, Lindsley says the officers took him out of view of the cameras and beat him. He asserts that (unspecified) false charges were brought against him, but the charges were dropped on January 25, 2021, because he had a witness who

saw him being beaten. He sues the two officers for the injuries he suffered from the beating and for being falsely charged and detained in jail.

It is too late for Lindsley to sue the officers for the alleged use of excessive force during the arrest. Lindsley knew at the time of his arrest on February 21, 2019, that he had suffered an injury. At that moment, his statute of limitations for purposes of a lawsuit under 42 U.S.C. § 1983 began to run. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (excessive force claim accrues when the excessive force is used). In Indiana, the statute of limitations for cases brought under § 1983 is two years. *See Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994). Lindsley allegedly signed his complaint and deposited it into the prison mail system on May 20, 2021 at 7:00 AM. Under the prison mailbox rule, *see Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001), his complaint is deemed filed as of that date, more than two years after he was allegedly beaten by the officers. Thus, his claim of excessive force is time barred.

Lindsley's claim that he was falsely charged requires a different analysis. Being subject to falsified charges, alone, does not state a claim. "There is no such thing as a constitutional right not to be prosecuted without probable cause." *Young v. City of Chicago*, 987 F.3d 641, 646 (7th Cir. 2021) (alterations omitted) (quoting *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018)). Instead, if those false charges lead to a detention without probable cause, the detainee states a Fourth Amendment claim for an unreasonable seizure. *See Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019) ("[A]ll § 1983 claims for wrongful pretrial detention—whether based on fabricated evidence or some other defect—sound in the Fourth Amendment."). Such a claim accrues "when

the detention ceases." *Id.* at 478. But here, Lindsley is still in state custody at the Indiana State Prison. Therefore, it is unclear whether this claim has accrued at all. Alternatively, if state officials had an independent basis for probable cause to detain him, he does not have a claim—even if the charges he complains about here were made up. "[T]he constitutional right in question is the right not to be held in custody without probable cause, the violation of which gives rise to a plain-vanilla Fourth Amendment claim under § 1983 because the essential constitutional wrong is the absence of probable cause that would justify the detention." *Id.* at 479. (quotation marks omitted). The complaint does not explain what charges were brought against him, whether he was ever released from detention, or the reason for his continued state custody.

This complaint does not state a claim for which relief can be granted. Nevertheless, Lindsley may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Gary Allen Lindsley, Jr., until **August 30, 2021**, to file an amended complaint; and

(2) CAUTIONS Gary Allen Lindsley, Jr., if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 27, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT