UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GARY ALLAN LINDSLEY, JR.,

  Plaintiff,

  v.   CAUSE NO. 3:21-CV-396-JD-MGG

RANDY RODRIGUEZ and TERRY
BECK,

  Defendants.

OPINION AND ORDER

Gary Allan Lindsley, Jr., a prisoner without a lawyer, alleges that in February 2019, police officers used excessive force when they arrested him on false charges. The court screened his complaint and found that his excessive force claim was untimely. ECF 7. But it was unclear whether Lindsley stated a claim for being detained without probable cause based on the false charges. Such a claim accrues when the detention ends. Because Lindsley filed suit from the Indiana State Prison, it was unclear whether he had been continuously detained since the arrest or whether he had been released after the arrest but detained again later. Lindsley was granted leave to file an amended complaint, and he has done so. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Lindsley provides more information about the February 2019 arrest. He alleges that after being stopped for a traffic violation and taking a P.B.T. test, the officers arrested him and falsely charged him with resisting law enforcement, intimidation, and operating a vehicle while under the influence. A review of the state court docket[1] in that case shows that Lindsley was arrested and detained on February 21, 2019, and posted bond a few days later on February 26, 2019. *State of Indiana v. Lindsley*, Case No. 71D08-1902-F6-000191 (St. Joseph Super. Ct. filed Feb. 22, 2019), docket sheet available at mycase.in.gov. Any potential Fourth Amendment claim for detention without probable cause accrued when Lindsley was released from detention after posting bond on February 26, 2019. *See Lewis v. City of Chicago*, 914 F.3d 478 (7th Cir. 2019) (Fourth Amendment claim based on detention without probable cause accrues when the detention ends); *see also Smith v. City of Chicago*, 3 F.4th 332 (7th Cir. 2021) ("[E]ven when charges remain outstanding, a Fourth Amendment claim for unlawful pretrial detention accrues upon the plaintiff's release from detention, and not upon the favorable termination of the charges against the plaintiff."). By the time Lindsley initiated this case in June 2021, it was too late to sue.

The statute of limitations for claims brought under 42 U.S.C. § 1983 is borrowed from that of the state's personal injury claims, which in Indiana is two years. *Richards v.*

---

[1] When determining whether a complaint states a claim a court may take judicial notice of public records. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

*Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Although statute of limitations is an affirmative defense, if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merits, he has pleaded himself out of court." *Tregenza v. Great Am. Commc'n Co.*, 12 F.3d 717, 718 (7th Cir. 1993). Such is the case here. More than two years had passed from Lindsley's release from detention and the filing of this suit. Thus, these allegations do not state a claim upon which relief can be granted because it is barred by the statute of limitations. *See Jones v. Block*, 549 U.S. 199, 215 (2007).

The charges from the February 2019 arrest, however, were not dismissed until January 2021. Lindsley expresses confusion about why he is still in prison after the charges were dropped. According to the amended complaint, when he was in court for the hearing to dismiss the charges, he was arrested for a parole violation and has been imprisoned ever since. He contends that his current detainment must therefore be unconstitutional.[2]

The dismissal of the February 2019 charges has no independent constitutional significance. "There is no such thing as a constitutional right not to be prosecuted without probable cause. But there *is* a constitutional right not to be held in custody without probable cause. Because the wrong is the detention rather than the existence of criminal charges, the period of limitations also should depend on the dates of the detention." *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (quotation marks,

---

[2] Although Lindsley states the parole violation was based on the February 2019 charges, a review of public records shows that he was arrested twice more and ultimately pled guilty to a misdemeanor possession of marijuana. *See State of Indiana v. Lindsley*, No. 71D03-1908-CM-002833 (St. Joseph Super. Ct. filed Aug. 2, 2019; plea agreement entered Aug. 4, 2020); *State of Indiana v. Lindsley*, No. 71D03-2010-F6-000965 (St. Joseph Super. Ct. filed Oct. 12, 2020), docket sheets available at mycase.in.gov.

brackets, and citation omitted). Therefore, Lindsley has no viable claim based on the February 2019 charges, and any challenge to his current detention is not possible in a § 1983 action.

To the extent Lindsley is seeking release from prison, the Supreme Court has held that his exclusive federal remedy is a writ of habeas corpus, which he can file only after exhausting his avenues for relief in state court. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement . . .."). If he is, instead, seeking damages rather than release, he is barred from bringing any claim that would necessarily imply that his conviction or parole revocation is invalid. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."); *Easterling v. Siarnicki*, 435 F. App'x 524 (7th Cir. 2011) (applying *Heck* to parole revocations). Lindsley has not alleged that his parole revocation or conviction has been overturned, and therefore he cannot challenge them here. If Lindsley succeeds in getting either overturned, he may return to federal court. Therefore, the claims will be dismissed without prejudice.

Lindsley submitted a letter asking for permission to file an amended complaint. ECF 12. He says that a lockdown at the prison was just lifted, and so he has more access to the law library to research his claims. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Here, no new information will make the Fourth Amendment claims timely or allow him to challenge his current detainment. Therefore, allowing an amended complaint would be futile.

For these reasons, the Fourth Amendment claims from the February 2019 arrest and charges are **DISMISSED WITH PREJUDICE** and the remaining claims are **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED on January 5, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5